**46**

**Andrio Tjipto MANGUNKUSUMO, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–2501–ag.**

United States Court of Appeals, Second Circuit.

June 9, 2006.

Yuming Wang, Wynnewood, PA, for Petitioner.

Nicole L. Gueron, Assistant United States Attorney, Southern District of New York (Michael J. Garcia, United States Attorney, Southern District of New York), New York, NY *, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Andrio Tjipto Mangunkusumo (A 96 264 277), through counsel, petitions for review of the BIA decision, *see In re A–M–*, 23 I. & N. Dec. 737, 2005 WL 1123283 (BIA 2005), dismissing his appeal from the decision of Immigration Judge ("IJ") Sandy K. Hom, who denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA issues an opinion, as it has here, we review only that opinion. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). The Court reviews questions of law and the application of law to fact *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The BIA denied Mangunkusumo's asylum claim because it found that he failed to file his application within one year of entering the United States, and did not

demonstrate changed or extraordinary circumstances justifying that failure. We have no jurisdiction to review this finding, *see* 8 U.S.C. § 1158(a)(3), and moreover, Mangunkusumo has waived any challenge to it because he failed to address it in his petition to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005). Further, because Mangunkusumo did not raise his CAT claim either before us or the BIA, that claim is both unexhausted and waived, leaving only his claim for withholding of removal for us to consider. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang*, 426 F.3d at 542 n. 1.

■ In determining that Mangunkusumo failed to demonstrate eligibility for withholding of removal, the BIA considered Mangunkusumo's claim that, as a Chinese Christian child, he was "mocked by ethnic Indonesians" who called him "[d]irty Chinese" and demanded money from him. The BIA also considered Mangunkusumo's claims that as an adult he (1) was charged higher than normal fees for obtaining documentation, such as a national ID card, passport, and marriage certificate; (2) was mocked by ethnic Indonesians who demanded money from him, and once threw rocks at him while he was carrying a sheet of glass; and (3) was injured when his store was looted, although it was unclear at best whether the looting was as a result of his ethnicity or religion, or if the government of Indonesia tolerated it or otherwise was unable to halt it.

Although the BIA accepted Mangunkusumo's testimony as credible, it also concluded that, because the incidents to which he testified constituted only "harassment and discrimination," he failed to demon-

---

\* Because the Court has not received respondent's brief, it has decided this case without

the benefit thereof. See Local Rule § 0.29(d).

strate that he met the threshold level of harm for past persecution. The BIA adequately considered all of Mangunkusumo's testimony and on the record before us, we see no reason to conclude otherwise. *Cf. Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006).

The BIA also concluded that Mangunkusumo failed to show either (1) that he likely would be singled out for persecution on account of a protected ground if returned to Indonesia; or (2) that there is a pattern or practice of persecution of a group of persons similarly situated to him on account of a protected ground and that he is included in, or identified with, the persecuted group. In reaching this determination, the BIA reasonably considered that Mangunkusumo's wife and three teenage daughters—all of whom are Chinese Christians—remained in the same town in Indonesia without any reported persecutorial incidents in the two and one half years after Mangunkusumo's departure. *See In re A–E–M–,* 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998); *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Further, in light of the 2002 State Department Country Report for Indonesia, which sets forth that Indonesia only occasionally tolerated acts of persecution and generally supported religious freedom, the BIA reasonably concluded that there was no pattern or practice of persecuting Chinese or Christians in Indonesia.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.